ing fund was designated by the Authority as the ultimate depository of the revenue which it has pledged to the payment of its bonds, the County's consideration would not lose its character as such "revenue" simply because it will not pass directly from the Authority to the custodian. The Authority merely has designated the custodian as its agent for the receipt, as well as for the deposit, of the revenue pledged to the payment of the bonds.

"[P]roper payment to the authorized agent of a disclosed principal . . . is payment to the principal in contemplation of law. . . ." *McGinley v. Chappas,* 91 Ga. App. 418 (1) (85 SE2d 791) (1955). It follows that, contrary to the finding of the superior court, the payment scheme does not require that validation of the Authority's bonds be denied.

4. None of the grounds upon which the superior court predicated the denial of validation of the Authority's bonds was meritorious. The judgment of the superior court is, therefore, reversed with direction that a judgment validating the bonds be entered.

*Judgment reversed with direction. All the Justices concur.*

DECIDED FEBRUARY 13, 1995.

*Sutherland, Asbill & Brennan, John H. Mobley II, Charles T. Lester, Jr., Foster & Foster, Larry A. Foster,* for appellants.

*Robert E. Keller, District Attorney, Lee Sexton,* for appellees.

*King & Spalding, Robert L. Steed, Alston & Bird, L. Clifford Adams, Jr., Della W. Wells, Brinson, Askew & Berry, Robert M. Brinson,* amici curiae.

S93Y0674, S93Y1363, S94Y0256, S94Y0259, S94Y0261, S95Y0157.
IN THE MATTER OF JOHN N. CRUDUP.
(453 SE2d 29)

PER CURIAM.

In an opinion issued on April 18, 1994, in Case Nos. S93Y0674, S93Y1363, S94Y0256, S94Y0259, and S94Y0261, Respondent Crudup was suspended from the practice of law for five years provided that he, within thirty days, repaid to each of the complainants the full amount of fees and retainers and returned to the complainants all papers entrusted to him in connection with the representations undertaken by Respondent which led to these disciplinary proceedings; otherwise he would be disbarred as of thirty days from the date of that opinion. The record establishes that Respondent has not complied with the conditions of his suspension. He stands, therefore, dis-

barred from the practice of law in this state effective May 18, 1994.

In Case No. S95Y0157, docketed in this court subsequent to May 18, 1994, the review panel has recommended a three-year suspension, consecutive to the suspension imposed on April 18, 1994, for violating Standards 4, 25 and 45 of Bar Rule 4-102. Since that case was docketed in this court after the effective date of Respondent's disbarment, it is moot and is, accordingly, dismissed.

*Disbarred in Case Nos. S93Y0674, S93Y1363, S94Y0256, S94Y0259 and S94Y0261. Appeal dismissed in Case No. S95Y0157. All the Justices concur.*

DECIDED FEBRUARY 20, 1995.

*William P. Smith III, General Counsel State Bar, Cynthia C. Hinrichs, Assistant General Counsel State Bar,* for State Bar of Georgia.
*Edward W. Clary,* for Crudup.

## S94G1010. JARRETT v. THE STATE.
### (453 SE2d 461)

HUNSTEIN, Justice.

Jarrett was convicted of driving under the influence and other motor vehicle violations while operating a motorcycle. According to the stipulated trial transcript, the arresting officer did not observe Jarrett operating the vehicle and when questioned by the officer at the scene, Jarrett denied driving the motorcycle. However, Jarrett's nephew informed the officer at the scene of the arrest in Jarrett's presence that Jarrett had been driving. Jarrett made no response to his nephew's statement. Although the nephew was not present at trial, the trial court nevertheless ruled, over objection, that any statement made by the nephew in the presence of Jarrett would be admissible as an exception to the hearsay rule. The Court of Appeals affirmed in *Jarrett v. State,* 212 Ga. App. 381 (441 SE2d 843) (1994) and we granted certiorari.

1. The Court of Appeals concluded that the trial court did not err in admitting the testimony of the officer as to the declaration of the nephew in reliance on those cases which hold that the acquiescence or silence of a defendant constitutes a tacit admission and that it is therefore permissible for a witness to testify as to what he saw and heard while in the presence of the defendant even though the declarant is not present at trial and subject to cross-examination. See, e.g., *Reeves v. State,* 194 Ga. App. 539 (1) (391 SE2d 35) (1990), relying on *Moore v. State,* 240 Ga. 210 (2) (240 SE2d 68) (1977); *Broome v.*